# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## Bid Protest

| | | |
|---|---|---|
| **PRECISION IMAGES, LLC,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 07-712C** |
| | ) | **Judge Sweeney** |
| **THE UNITED STATES,** | ) | |
| **Defendant,** | ) | |
| **GE INSPECTION TECHNOLOGIES, LP,** | ) | |
| **Intervenor.** | ) | |

**MEMORANDUM OF INTERVENOR GE INSPECTION TECHNOLOGIES, LP IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to the Court's Order, dated October 3, 2007, Intervenor GE Inspection Technologies, LP ("GE") hereby opposes the Motion for a Preliminary Injunction filed by Plaintiff Precision Images, LLC ("Precision Images"). Precision Images seeks an Order enjoining performance by GE of Contract No. FA8533-07-D-0011 ("the Contract"), a contract for Ultrasonic Flaw Detectors awarded to GE by the Air Force Materiel Command ("the Agency"). The Contract was awarded pursuant to Solicitation No. FA8533-07-R-11523 ("Solicitation" or "RFP").

GE anticipates that the Defendant, United States of America, will respond fully to Plaintiff's Motion. To avoid duplication and conserve judicial resources, GE will not do so as well. Instead, GE comments below on two assertions by Precision Images concerning GE, both of which ultimately prove to be red herrings.

***<u>First</u>***, Precision Images repeatedly asserts that GE's proposed product offered is "an item of lesser quality" than Precision Images', supposedly because the pulse width generated by GE's product is less than that originally required by the Purchase Description, prior to its amendment in July 2007. *See*, *e.g.*, Plaintiff's Motion at 4, 6, 7. As an initial matter, Precision Images provides no evidence in support of its "lesser quality" assertion, and affords this Court no basis from which it could conclude that GE's product is, ***when considered in light of all of the Solicitation's requirements***, of "lesser quality" than Precision Images' product.

More fundamentally, Precision Images' assertion as to "lesser quality" – even if true – is irrelevant here. Under the Solicitation, the relative technical quality of the offered products plays no role in the award decision, so long as they meet the requirements. Here, Precision Images does not allege GE's product is noncompliant with the pulse-width requirement as amended or with any other requirement; thus, the allegations of "lesser quality" are simply gratuitous.

Rather than relying on the relative technical quality of the offered products, the Solicitation provides for a "[t]radeoff" between past and present performance on one hand, and price on the other. RFP at 27. The evaluation criteria are set forth on pages 27 through 29 of the Solicitation, in a section entitled "Evaluation Basis for Award." Those pages make plain award is to be made to the offeror who "meets all requirements set forth in the RFP," and provides "best value" to the Government in a "tradeoff" between "present/past performance (hereafter referred to as performance) and price, with performance being considered significantly more important than price." *Id.* The Solicitation emphasizes that this "performance" assessment does not involve an evaluation of the technical merits of offerors' respective proposed products, but is instead an evaluation of past and present performance under other contracts: "The performance assessment will assess the confidence in the offeror's ability to successfully accomplish the

proposed effort based on the ***offeror's demonstrated present and past work record***." *Id.* (emphasis added). The supposed "lesser quality" of the product proposed by GE plays simply no role in that assessment or in the RFP's "Performance/Price Tradeoff," *id.*

***Second***, Precision Images asserts, "[o]n information and belief," that the agency reduced its pulse-width requirements "to accommodate the lesser quality" of the product proposed by GE. That assertion – again even if true – is also irrelevant to the issue before this Court, because Precision Images does not contend that the requirement, as amended, fails to meet the agency's actual needs or that the revision is otherwise improper. In any event, such an allegation at this late date would be untimely. *See, e.g., Blue & Gold Fleet, LLP v. United States*, 492 F.3d 1308, 1313-15 (Fed. Cir. 2007) (challenge to a solicitation is waived if not raised preaward); *Argencord Mach. & Equip., Inc. v. United States*, 68 Fed. Cl. 167, 175 n.14 (2005); *N.C. Div. of Servs. for the Blind v. United States*, 53 Fed. Cl. 147, 165 (2002).

For the foregoing reasons and for the reasons stated in the Defendant's Opposition, GE respectfully requests that the Court deny Plaintiff's Motion for a Preliminary Injunction.

Respectfully submitted,

October 5, 2007

/s/ David A. Churchill
David A. Churchill
JENNER & BLOCK, LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC. 20005
Telephone: (202) 639-6056
Facsimile: (202) 637-6370

Counsel of Record for Intervenor,
GE Inspection Technologies, LP

*Of Counsel:*
Kevin C. Dwyer
JENNER & BLOCK, LLP