AGREED UPON REDACTED COPY - MAY BE MADE PUBLIC

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## Bid Protest

| | | |
|---|---|---|
| **PRECISION IMAGES, LLC,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 07-712C** |
| | ) | **Judge Sweeney** |
| **THE UNITED STATES,** | ) | |
| **Defendant,** | ) | |
| **GE INSPECTION TECHNOLOGIES, LP,** | ) | |
| **Intervenor.** | ) | |

**INTERVENOR'S MEMORANDUM IN SUPPORT OF DEFENDANT'S CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION**

We expect the Government to argue that the rating of "Little Confidence" assigned to Precision Images, LLC ("Precision Images") by the Air Force Materiel Command ("the Agency") was warranted under both the Request for Proposals ("RFP") and 41 U.S.C. § 405(j)(2). We do not repeat that argument here.

Instead, we file separately to emphasize that, before the Court addresses the merits of that issue, it must first consider whether the Plaintiff was prejudiced by the Agency's decision to assign a past performance rating of "Little Confidence" to Precision Images and award Contract No. FA8533-07-D-0011 ("the Contract") to Intervenor, General Electric Inspection Technologies, LP ("GE"). If the Plaintiff cannot prove prejudice resulting from its Performance rating, then it lacks standing to bring this action. Precision Images cannot prove prejudice

because, even with the "Unknown Confidence" rating that Plaintiff believes it deserves, it would not have a substantial chance of being awarded the Contract.

I. Plaintiff Must Establish Prejudice Both As An Element Of Standing And On The Merits

Standing is an essential element of the Court of Federal Claim's jurisdiction over bid protests. *See, e.g., Rex Serv. Corp. v. United States*, 448 F.3d 1305, 1307-08 (Fed. Cir. 2006). Addressing the relationship between prejudice and standing, the Federal Circuit has held that, because "the question of prejudice goes directly to the question of standing, the prejudice issue must be reached before addressing the merits." *Info Tech & Applications Corp. v. United States,* 316 F.3d 1312, 1319 (Fed. Cir. 2003). In fact, this Court "looks twice at prejudice, first weighing prejudice as it pertains to standing and then more thoroughly weighing prejudice to determine whether plaintiff shall be afforded relief." *A & D Fire Protection Inc. v. United States*, 72 Fed. Cl. 126, 131 n.4 (2006). For Precision Images to show prejudice at either step in the analysis, it must show a significant error in the procurement process and "that there was a substantial chance it would have received the contract but for that error." *Statistica, Inc. v. Christopher,* 102 F.3d 1577, 1581-82 (Fed. Cir. 1996). Here, there could have been no prejudice because the RFP and the Agency's evaluation make clear that Plaintiff would not have been selected for the award even if it had received the "Unknown Confidence" rating it claims.

II. Under The RFP, "Satisfactory Confidence" Is Superior To "Unknown Confidence"

Precision Images was not prejudiced in this award because, under the RFP, the "Satisfactory Confidence" rating earned by GE was more favorable than the "Unknown Confidence" rating sought by Precision Images. The facts the Court is presented with here are not unique to this protest. In a recent Comptroller General case, protestor HoveCo argued that it should have received an "Unknown" past performance rating rather than the "Little Confidence"

rating that it actually received. *HoveCo*, B-298697, Nov. 14, 2006, 2006 CPD ¶ 171 at 4. The awardee, who had a "Satisfactory" rating, countered that HoveCo would not have won the contract with an "Unknown" past performance rating and was therefore not prejudiced by the agency decision. The Comptroller General agreed, noting that the awarding agency had "focused on the advantages associated with [the awardee's] greater experience and not simply the difference between the two offerors' performance confidence ratings." *Id.* at 4. Moreover, the solicitation in that case was similar to the RFP at issue here, in that "a rating of satisfactory confidence, as defined by the solicitation, was clearly a favorable, as opposed to merely a neutral, rating."[1] *Id.* at 4 n.2.

Just as in this case, the agency in *HoveCo* determined that the proposal from a contractor in whom they had "Satisfactory Confidence" was worth its higher price because the offeror had the capabilities and experience necessary to handle the contract. The opinion highlighted the agency's confidence in the more experienced contractor and held that "those relative advantages would remain the same regardless of whether HoveCo's proposal was assigned a rating of little confidence or a rating of unknown confidence." *Id.* at 4. Thus, it was clear that the awarding agency "would not have selected HoveCo for award," even with its lower price and an "Unknown" rating, and there was no prejudice to sustain the protest. *Id.*

In the past, this Court has considered RFPs that allow a "Satisfactory" past performance rating to be treated as superior to an "Unknown" rating. In *Gulf Group, Inc. v. United States*, 56 Fed. Cl. 391 (2003), a disappointed bidder argued that it should have received an "Unknown" rather than a "Satisfactory" past performance rating based on a lack of relevant past performance

---

1 In fact, the definitions of "Satisfactory Confidence" and "Unknown Confidence" in the *HoveCo* solicitation and the solicitation at issue in this case are identical. *Compare HoveCo*, 2006 CPD ¶ 171 at 2 *with* Administrative Record, Tab 31, at 131.

history. Judge Allegra looked to the solicitation and found that a neutral rating would actually have hurt the protestor because "the Solicitation provided that a neutral rating could be considered less favorable than a favorable past performance rating" and that "[c]ontrary to plaintiff's importunings, the provision in the Solicitation which permitted such relative treatment of a 'neutral' rating is not inconsistent with the FAR." *Gulf Group, Inc.*, 56 Fed. Cl. at 399.

Here, the Agency drafted an RFP similar to those considered in both *Gulf Group* and *HoveCo*. The RFP defines "Satisfactory Confidence" to mean that the "Government *has confidence* that the offeror will successfully perform the required effort." Administrative Record ("AR"), Tab 31, at 131 (emphasis added). An "Unknown Confidence" rating simply means that there is "no performance record identifiable." *Id*. Similarly, the ratings are listed in the RFP in rank order, with "Satisfactory Confidence" listed after "Significant Confidence" and before "Unknown Confidence," confirming that "Satisfactory" is superior to "Unknown." Instead of equating the two terms,[2] the Agency has made it clear that "Satisfactory Confidence" is an affirmative finding of confidence in GE's ability to perform. The "Unknown" or "Neutral" rating that Precision Images seeks, on the other hand, is not an affirmative finding of confidence. Under *HoveCo* and *Gulf Group*, the agency's superior confidence in GE justifies this award as the best value despite GE's modest price premium of **(             )**.

In this Court's terms, "the Solicitation provided that a neutral rating could be considered less favorable than a favorable past performance rating," such as "Satisfactory Confidence."

---

2 There is case law holding that a "Satisfactory Confidence" rating may be treated as equal to and "Unknown" of "Neutral" rating, but that scenario is limited to circumstances where the agency's definition of satisfactory in the solicitation reflects a determination of no strengths or weaknesses. *Braswell Servs. Group, Inc.*, B-278921.2, June 17, 1998, 98-2 CPD ¶10. Here, because the "Satisfactory Confidence" rating in the solicitation was a favorable rating rather than a finding of no strengths or weaknesses, that rating is not equal to a "Neutral" or "Unknown" confidence rating.

*Gulf Group, Inc.*, 56 Fed. Cl. at 399. This is a particularly important point because the RFP is plain that the agency was focused on performance as a factor "significantly more important than price." AR, Tab 31, at 129.

III. <u>The Underlying Record Justifies Award To GE Even If Plaintiff Had Received An Unknown Confidence Rating</u>

Even if it received its desired performance rating of "Unknown Confidence," Precision Images lacks a substantial chance of being awarded the Contract because the Agency focused on the relative performance capabilities of the offerors in making its award, and not simply on the performance ratings placed upon them. The relative lack of confidence the Agency had in Precision Images will not be mitigated simply by changing its rating to "Unknown Confidence." The Administrative Record shows the affirmative confidence that the Agency had in GE to successfully perform the Contract, and the lack of a similar confidence in the Plaintiff. Given the premium placed on confidence in the evaluation and this Agency's affirmative confidence in GE, it is plain that even if Plaintiff had received an "Unknown" rating there is not a substantial chance it would have been awarded the Contract. *See* AR, Tab 167, at 783. The higher confidence in GE would still have justified its price premium.

The Performance Confidence Assessment Group ("PCAG") evaluation of GE left little doubt that the Agency believed it could perform this Contract. The Agency received informal evaluations stating that **(**

**)** AR, Tab 154, at 685; AR, Tab 155, at 687. The Agency repeatedly found that GE had experience that was **(**

**)** to the current Contract, AR, Tab 167, at 783; AR, Tab 160, at 762, and determined that GE showed **(**

[redacted] **)** AR, Tab 160, at 762. GE was assigned an overall rating of "Satisfactory Confidence" largely because the number of sales in previous relevant contracts was less than that required under this award. *Id.*

In contrast to GE, the Agency could not have confidence in Protestor to successfully perform because it had no experience similar in scope or content to this Contract. The PCAG found that **(** [redacted] **)** AR, Tab 160, at 752. The Agency's lack of confidence in Precision was an important point in the award decision, with the Source Selection Authority commenting that **(** [redacted] **)** AR, Tab 167, at 786.

Given the strong and relevant past performance of GE – coupled with the fact that its price was well under the Agency estimate, *compare* AR, Tab 167, at 785 *with* AR Tab 28, at 90 – it is not surprising that "the rationale for the award was that the proposal from GE Inspection Technologies . . . provided the best overall value to satisfy the needs of the Air Force," AR, Tab 178, at 914. This Agency best-value analysis would remain applicable even if Plaintiff's rating is changed from "Little Confidence" to "Unknown Confidence." The relevant experience of GE and the underlying concerns the Agency expressed concerning the ability of Precision Images to take on a contract of this magnitude will not disappear. In awarding this Contract, the Agency

did not focus on labels like "Unknown" or "Satisfactory." Instead it compared its needs to the capabilities of the offerors and found GE to be a capable contractor at a price more than **(** **)** below that which had been estimated. AR p. 748 at Tab 160, AR p. 913 at Tab 178. The confidence that the Agency had in GE to successfully perform still offered more value to the Agency than a lower priced offer from a contractor with less experience.[3] For this reason, it is plain that Plaintiff, without any experience in similar contracts, did not have a substantial chance of actually being awarded this Contract.

IV. Conclusion

For the reasons stated above, Defendant's Cross-Motion for Judgment on the Administrative Record should be granted and Plaintiff's Cross-Motion should be denied.

Respectfully submitted,

October 19, 2007

s/ David A. Churchill
David A. Churchill
JENNER & BLOCK, LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC. 20005
Telephone: (202) 639-6056
Facsimile: (202) 637-6370

Counsel of Record for Intervenor,
GE Inspection Technologies, LP

*Of Counsel:*
Kevin C. Dwyer
JENNER & BLOCK, LLP

3 For this reason, should the Court sustain Plaintiff's protest, the proper remedy would be to remand to the Agency for a new determination as to whether GE's advantage in past performance outweighs its price premium.