# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

**Bid Protest**
**Number 07-712C**
**Judge Margaret M. Sweeney**

**PRECISION IMAGES, LLC,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant,**

**and**

**GE INSPECTION TECHNOLOGIES, LP,**

**Intervenor.**

## PLAINTIFF'S BRIEF IN RESPONSE TO CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

Cyrus E. Phillips, IV
1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112
Attorney of record for Plaintiff,
Precision Images, LLC.

AGREED-UPON REDACTED COPY
MAY BE MADE PUBLIC

October 24th, 2007

## TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii

ARGUMENT .......... 1-8

I. THE AIR FORCE CANNOT HAVE LAWFULLY TRADED-OFF PRECISION IMAGES' PERFORMANCE AGAINST GE INSPECTION TECHNOLOGIES' PRICE PREMIUM. .......... 1-3

II. THE ONLY PROPER AWARD HERE IS AN AWARD ON PRICE. .......... 3- 8

CERTIFICATE OF SERVICE .......... 9

# TABLE OF AUTHORITIES

**STATUTES**

5 U.S.C. §§ 701-706. . . . . . . . . . 5

10 U.S.C. § 2305(b)(4)(C). . . . . . . . . . 2

41 U.S.C. § 405(j)(2). . . . . . . . . . 1, 2

**REGULATIONS**

Federal Acquisition Regulation 15.305(a)(2)(iv). . . . . . . . . . 1-2

**CASES**

*Choctaw Manufacturing Co. v. United States*,
761 F.2d 609 (11th Cir. 1985). . . . . . . . . . 7

*Delta Data Systems Corp. v. Webster*,
744 F.2d 197 (D.C. Cir. 1984). . . . . . . . . . 5-6

*Gulf Group, Inc.. v. United States*,
56 Fed. Cl. 391 (2003). . . . . . . . . . 1-2

*Marsh v. Oregon Natural Resources Council*,
490 U.S. 360 (1989). . . . . . . . . . 4-5

*Old Dominion Dairy Products, Inc. v. Secretary of Defense*,
631 F.2d 953 (D.C. Cir. 1980). . . . . . . . . . 6

*SMS Data Products Group, Inc. v. Austin*,
940 F.2d 1514 (Fed. Cir. 1991). . . . . . . . . . 5

*Superior Oil Co. v. Udall*,
409 F.2d 1115 (D.C. Cir. 1969). . . . . . . . . . 6-7

*United International Investigative Services, Inc. v. United States*,
41 Fed. Cl. 312 (1998). . . . . . . . . . 7

PLAINTIFF'S BRIEF IN RESPONSE TO
CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD

## ARGUMENT

### I. The Air Force Cannot Have Lawfully Traded-Off Precision Images' Performance Against GE Inspection Technologies' Price Premium.

The Air Force argues that even if Precision Images' Performance had properly received an overall Performance confidence assessment of "Unknown Confidence" (and Precision Images' Performance did not receive such a lawful overall Performance confidence assessment) the Air Force nonetheless could have permissibly traded-off this overall Performance confidence assessment of "Unknown Confidence" for Precision Images against GE Inspection Technologies' overall Performance confidence assessment of "Satisfactory Confidence" and GE Inspection Technologies' Price premium of [redacted], a Price premium of some [redacted] percent, Administrative Record, at 813, over the proposed Contract term of five years.

The Air Force relies on *Gulf Group, Inc. v. United States*, 56 Fed. Cl. 391, 398-99 (2003) in support of this hypothetical trade-off, a trade-off which in fact the Air Force never made. And the trouble here is that the Solicitation before this Court in *Gulf Group* contained explicit language which allowed the trade-of of the neutral Performance rating required by 41 U.S.C. § 405(j)(2) and by Federal Acquisition Regulation 15.305(a)(2)(iv) against a favorable Performance rating. *Id.*, 56 Fed.

**Protected Information Has Been Redacted**

Cl., at 394. ("According to the Solicitation, 'a neutral rating could be considered less favorable than a favorable performance rating.'").

Solicitation Number FA8533-07-R-11523 contains no such language. Indeed, all that Solicitation Number FA8533-07-R-11523 provides is that an "unknown confidence rating will be considered in the overall assessment of a best value decision." Counter-Statement of Facts, Number 3. Solicitation Number FA8533-07-R-11523 does not explicitly allow, as did the Solicitation in *Gulf Group*, a neutral Performance rating to be traded-off against a favorable Performance rating.

Under Solicitation Number FA8533-07-R-11523 and under 41 U.S.C. § 405(j)(2) and the Procurement Regulation which implements this Statute, Federal Acquisition Regulation 15.305(a)-(2)(iv), an Offeror without "Relevant" Performance, i.e., Precision Images, a distributor of commercial off-the-shelf handheld, lightweight microprocessor-based ultrasonic flaw detectors, cannot be subjected to a trade-off of Performance against Price because such a trade-off is an evaluation of the Performance of an Offeror without "Relevant" Performance in contravention of Solicitation Number FA8533-07-R-11523 and of the Statute and the implementing Procurement Regulation.

Just so here.

10 U.S.C. § 2305(b)(4)(C) commands that Awards are to be made only on "cost or price" (and here it is Price) and only on "the other factors included in the solicitation." Performance was the only factor other than Price included in Solicitation Number FA8533-07-R-11523, and as to Performance

41 U.S.C. § 405(j)(2) commands that "[i]n the case of an offeror with respect to which there is no information on past contract performance or with respect to which information on past contract performance is not available, the offeror may not be evaluated favorably or unfavorably on the factor of past contract performance."

## II. The Only Proper Award Here Is An Award On Price.

The Air Force concedes that the relative merits of the commercial off-the-shelf handheld, lightweight microprocessor-based ultrasonic flaw detectors required here are not to be assessed:

> The solicitation does *not* contain a separate technical evaluation factor under which the relative merits of the offerors' proposed UFDs [commercial off-the-shelf, lightweight, hand-held microprocessor-based ultrasonic flaw detection and testing instruments] would be assessed. Rather, the solicitation establishes a baseline standard of technical acceptability that offerors' proposed UFDs must meet to be eligible for award. The solicitation states that offerors "shall provide . . . [a UFD] in accordance with the Product Description . . . dated 12 April 2007 referenced in this document." The product description, which was revised once on July 13, 2007, stated that "[t]his product description . . . defines the *minimum* performance and technical requirements for a" UFD. Thus, under the solicitation's stated evaluation methodology, once the Air Force determined that an offeror's proposed UFD met the "minimum performance and technical requirements" set forth in the product description, the Government's technical evaluation was complete.

Defendant's Brief in Support of Defendant's Motion for Judgment Upon The Administrative Record, at 9 (Record References Omitted).

The Air Force's Program Engineer completed this pass/fail technical evaluation when he told the Air Force Contracting Officer that all of the commercial off-the-shelf handheld, lightweight

microprocessor-based ultrasonic flaw detectors which are proposed meet the requirements of the Product Description. Administrative Record, at 81, 690.

This leaves only Price. And Precision Images' Price is [redacted] lower than the $3,867,120 to be paid to GE Inspection Technologies over the proposed Contract term of five years. The Air Force wishes the Court to consider only that the Price to be paid to GE Inspection Technologies is reasonable because this Price is [redacted] lower than the Air Force estimate of [redacted]. Counter-Statement of Facts, Number 8.

But the "reasonableness" of the Price to be paid to GE Inspection Technologies disappears in the face of the Price proposed by Precision Images. Even though there is substantial reason to question the accuracy of the Air Force estimate (the Air Force has no relevant procurement history), Counter-Statement of Facts, Number 8, it still remains that the Price for Precision Images is [redacted] lower than the Air Force estimate and more than [redacted] as much lower than the Air Force estimate as is the Price to be paid to GE Inspection Technologies.

The Administrative Record is the limit of this Court's review, and on this Administrative Record and on the pass/fail technical evaluation (which is conceded) neither this Court nor the taxpayers represented by this Court could consider the Price to be paid to GE Inspection Technologies to be reasonable. The Air Force Contracting Officer's Award to GE Inspection Technologies can lawfully be based only on Price, and the Price which has been agreed by the Air Force Contracting Officer to

be paid to GE Inspection Technologies is, again, a "clear error of judgment." *Marsh v. Oregon Natural Resources Council,* 490 U.S. 360, 378 (1989).

For all of the reasons set forth in the foregoing Brief in Response to the Cross-Motion for Judgment on the Administrative Record, Precision Images respectfully requests that the Court enter Judgment for Precision Images on the Administrative Record, RCFC 52.1(b), together with: (1) a Declaration that the Air Force Contracting Officer's Award to GE Inspection Technologies lacks a rational basis; (2) a Declaration that the Air Force Contracting Officer's Award to GE Inspection Technologies is arbitrary and capricious, unlawful, and in violation of applicable Procurement Statute and Regulation; (3) a Permanent Injunction ordering a directed Award of the proposed Contract for commercial off-the-shelf handheld, lightweight microprocessor-based ultrasonic flaw detectors to Precision Images; and (4) such further and other relief as the Court may deem just and proper.

The United States Court of Appeals for the Federal Circuit has recognized that in Civil Actions such as this one where review of a contested Federal Acquisition is proceeding under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, a permissible remedy is a directed Award of the proposed Contract. *SMS Data Products Group, Inc. v. Austin*, 940 F.2d 1514, 1516-1517 (Fed. Cir. 1991). A directed Award of the proposed Contract in a contested Federal Acquisition is appropriate where "it is clear that, but for the illegal behavior of the agency, the contract would have been awarded to the party asking the court to order the award." *Delta Data Systems Corp. v.*

*Webster*, 744 F.2d 197, 204 (D.C. Cir. 1984), *citing Old Dominion Dairy Products, Inc. v. Secretary of Defense*, 631 F.2d 953, 969 (D.C. Cir. 1980).

Directed awards are sometimes necessary to vindicate the public's interest in a proper Federal procurement process. Here it is instructive to consider in some detail the facts in *Superior Oil Co. v. Udall,* 409 F.2d 1115 (D.C. Cir. 1969). At issue there was a Solicitation for bids on offshore oil and gas leases; Award was to be made to the highest bidder. Union Oil Company submitted the highest bid, $13,600,000, but its bid was unsigned. Superior Oil Company submitted the next highest bid, $11,628,691.20, and its bid was proper in all respects. The Secretary of the Interior proposed to waive the lack of a signature as a minor informality, relying on the fact that the bid had been accompanied by a signed transmittal letter. Superior Oil filed suit in the Federal District Court, and District Judge Sirica permanently enjoined the Secretary from issuing a lease to Union Oil, ordering that the lease be issued to Superior Oil instead. On appeal, the District of Columbia Circuit affirmed the decision below in all respects. Writing for the appellate Court, Circuit Judge Burger held as follows:

> In the area of public contracts where billions are involved . . ., an accretion to the government of even two million dollars can be a manifestation of a short-sighted "penny-wise, pound-foolish" policy if it is allowed to control all decisions.
>
> [W]e think [the Secretary's concern over the differential between Union and Superior] *misses the central legal issues and the important public policy underlying strict rules in bidding. It is also very important that bidders who comply faithfully and scrupulously with bidding regulations should not in effect be penalized* by the errors of less careful bidders who fail to follow correct procedures . . . .

*Superior Oil,* 409 F.2d at 1120 (emphasis added)*; see also Choctaw Manufacturing Co. v. United States,* 761 F.2d 609, 621 (11th Cir. 1985) (tribunal properly awarded Contract to vendor which would have received it but for unlawful Agency action, holding that "the interest of the public, and those who bid for the agency's work, in the agency's compliance with the law outweighs the higher price the government will have to pay").

This Civil Action is not a case where the outcome of an Acquisition is in doubt. *United International Investigative Services,* 41 Fed. Cl. 312, 323-324 (1998). Based on the law and on the clear terms of Solicitation Number FA8533-07-R-11523 Precision Images, the Offeror with the lowest offered Price, is entitled to an Award of the proposed Contract for commercial off-the-shelf handheld, lightweight microprocessor-based ultrasonic flaw detectors.

The public's interests in minimizing the cost of Federal Acquisitions and the public's interests in protecting the integrity of the Federal procurement system from irrational and unlawful conduct both require that this Court now direct an Award of the proposed Contract for commercial off-the-shelf handheld, lightweight microprocessor-based ultrasonic flaw detectors to Precision Images. But for the Air Force Contracting Officer's unlawful charade, Precision Images would have received Award of the proposed Contract for commercial off-the-shelf handheld, lightweight microprocessor-based ultrasonic flaw detectors.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV

District of Columbia Bar Number 456500,
Virginia State Bar Number 03135

October 24th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112

Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
Precision Images, LLC.

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that on Wednesday, October 24th, 2007 a true and complete copy of this Plaintiff's Brief in Response to Cross-Motion for Judgment on the Administrative Record was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Joseph E. Ashman, Esq.

Electronic Mail: Joseph.Ashman@usdoj.gov

Attorney of record for Defendant,
Department of the Air Force, Air Force
Materiel Command.

I also certify, under penalty of perjury, that on Wednesday, October 24th, 2007 a true and complete copy of this Plaintiff's Brief in Response to Cross-Motion for Judgment on the Administrative Record was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

David A. Churchill, Esq.

Electronic Mail: dchurchill@jenner.com

Attorney of record for Intervenor,
GE Inspection Technologies, LP.

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV