**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| PRECISION IMAGES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant, and<br><br>GE INSPECTION TECHNOLOGIES, LP,<br><br>Intervenor. | ) | No. 07-712C<br>Bid Protest<br>(Judge M. Sweeney) |

**DEFENDANT'S[1] JUSTIFICATION FOR ITS PROPOSED REDACTIONS TO THE OPINION & ORDER**

Pursuant to this Court's order of November 28, 2007, in the above-captioned case, defendant hereby submits its justification for the proposed redactions to the Court's Opinion & Order of November 15. Specifically, defendant explains its proposed redactions "to the extent they exceed those proposed by plaintiff" on page 16, 17, 37, 38 and 39 of the Opinion & Order.

For the foregoing reasons the Court should accept defendant's proposed redactions because:

- **The Content of the Requested Redactions Constitute Protected Source Selection Information**. Under paragraph 1 of the Protective Order issued in this case, "Protected Information" includes "source selection information." Federal Acquisition Regulation ("FAR") 2.101 defines "source selection information" as "information that is prepared for use by an agency for the purpose of evaluating a ... proposal," including "[r]eports and evaluations of source selection panels, boards, or advisory councils." Defendant's proposed redactions within pages 16, 17, 37, 38 and 39 of the Opinion & Order include quotations from the Performance Confidence Assessment Group's ("PCAG") Final

---

[1]Although the Court directed defendant and intervenor to jointly provide justification for the agreed-upon redactions, the redactions in dispute do not involve intervenor's source selection information. As such, intervenor's counsel has informed defendant's counsel that intervenor does not have a position with regards to the issues presently before the Court.

Assessment Report and the Source Selection Decision Document ("SSDD") and therefore constitute protected source selection information pursuant to FAR 2.101 and paragraph 1 of the Protective Order.

- **The Administrative Record ("AR") from this Procurement Action is Not Stale.** Importantly, plaintiff is appealing the Court's ruling denying and dismissing the complaint. The Government therefore views protecting the integrity of the AR to be of paramount importance as the appellate court could remand the procurement back to the agency to make a new award decision based on the existing AR, or otherwise direct the agency to reopen the procurement process. The redactions the Government is now requesting prevents the corruption of the AR -- and the procurement action in general, by preventing the release of protected source selection information to the interested parties in this procurement.

- **The Government Wishes to Preserve Its Right to Protect Source Selection Information During the Pendency of the Appeal.** The Government has been consistent throughout this case with regards to the redactions it is now requesting. On October 23, in response to the proposed public versions of plaintiff's Statement of Facts and principal brief, the Government communicated to plaintiff the Government's desire that plaintiff redact precisely the same information from its filings that is now at issue. See Attachment. Plaintiff did not object then. On appeal, the Government wishes to preserve its right to request that the source selection information now at issue be redacted from the public versions of briefs plaintiff will file at the appellate court. See Federal Circuit Rules of Appellate Procedure 17(e) and 28(d). If the information now at issue is released in a public version of the Opinion & Order, the Government will lose its right to protect that information from disclosure in public versions of plaintiff's appellate briefs. See FAR 2.101 ("'Source selection information' means any of the following information ... if that information has not been previously made available to the public or disclosed publicly.").

- **Protection of Agencies' Internal Deliberative Evaluation Processes Promotes the Public Interest.** While plaintiff may never again be before the Court in a bid protest action, the Government will be. Protecting agencies' internal deliberative evaluation processes furthers the public interest by encouraging the open, candid memorialization of the agency procurement decision-making process by agency officials, which furthers this Court's statutory mandate to review and adjudicate challenges to agency procurement decisions. Defendant's proposed redactions within pages 16, 17, 37, 38 and 39 of the Opinion & Order include quotations from the PCAG and SSDD, release of which will reveal the agency's internal deliberative evaluation processes.

For these reasons, defendant respectfully requests that this Court prepare the public version of its November 15, 2007, Opinion & Order in accordance with defendant's submission of November 27.

Respectfully submitted,

JEFFREY S. BUCHOLZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Joseph E. Ashman
JOSEPH E. ASHMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-7578
Fax: (202) 507-0972

Dated: December 5, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2007, a copy of the foregoing "DEFENDANT'S JUSTIFICATION FOR ITS PROPOSED REDACTIONS TO THE OPINION & ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Joseph E. Ashman